PER CURIAM.
The appellant, Department of Transportation [DOT], appeals an order awarding attorney’s fees to appellee, James O’Donnell [O’Donnell], in an eminent domain proceeding. We reverse and remand for further proceedings.
O’Donnell owns an interest in the property that DOT initially considered taking. He is also the attorney who represented all of the owners in the eminent domain proceedings. DOT does not contend in these proceedings that O’Donnell is not entitled to any fee because he is one of the owners of the property that DOT sought to take or because he seeks compensation for his time spent prior to the time DOT filed suit.[1] Rather, DOT contends that if any fee is awarded to O’Donnell, it should be calculated pursuant to section 73.092(2), Florida Statutes (1997).
We conclude that O’Donnell is entitled to a reasonable fee under the facts and circumstances of this particular case. However, we find, based on these unique facts and circumstances, that a reasonable fee can only be calculated on a finding of the number of hours the attorney reasonably expended multiplied by a reasonable *992 hourly rate and taking into consideration the factors contained in section 73.092(2).
REVERSED and REMANDED.
SAWAYA and PLEUS, JJ., concur.
THOMPSON, C.J., concurs, without participation in oral argument.

. In its reply brief, DOT specifically stated, “It is not the Department's position that the property owner should receive no attorney’s fee for representing himself or no fee for time spent prior to the Department filing suit.”